United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-60999
_____

VAUGHN KELLY,

Plaintiff - Appellant,

versus

THE SHERIFF'S DEPARTMENT OF
SUNFLOWER COUNTY, MISSISSIPPI; ET AL.,

Defendants,

E. B. GRESHAM, Individually, and in
his capacity as an officer of the
Mississippi Public Safety Commission,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:02-CV-213-PB
_____

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Vaughn Kelly, proceeding pro se, brought

this suit against the Defendant-Appellee, E. B. Gresham,

individually and in his capacity as an officer of the Mississippi

Public Safety Commission (MPSC). Kelly alleges violations of 42

U.S.C. § 1983 and liability under various common law tort theories.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kelly, a commercial truck driver, claims that Gresham violated his rights by (1) unlawfully stopping Kelly's truck; (2) unlawfully arresting Kelly for failure to maintain an updated log book; and (3) unlawfully searching Kelly's vehicle. With respect to Gresham's personal liability, the district court granted summary judgment on the grounds of his qualified immunity. With respect to Gresham's liability in his official capacity, the district court determined that Kelly's claims are barred by the Eleventh Amendment. Our review is de novo. See Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). Because we find no reversible error, the decision of the district court is AFFIRMED.

Kelly challenges the district court's finding that Gresham, in his individual capacity, was entitled to qualified immunity against federal law claims. Government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known". Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Kelly first claims that Gresham violated his Fourth Amendment rights when he stopped Kelly's truck without a warrant. We have previously said that "persons who engage in pervasively regulated industries have a diminished expectation of privacy." United States v. Blocker, 104 F.3d 720, 728 (5th Cir. 1997). We conclude

that the district court was correct in concluding that commercial trucking is a "pervasively regulated" industry and that Kelly's claims are therefore properly analyzed under New York v. Burger, 482 U.S. 691 (1987).

Burger requires, inter alia, that a statutory or regulatory scheme authorizing the search of a pervasively regulated business "provide[] a constitutionally adequate substitute for a warrant". Id. at 480.  Kelly appears to argue that provisions of the Mississippi Code authorizing inspection of motor vehicles by the MPSC do not provide such a substitute because the inspection system does not "limit the discretion of the inspecting officers". United States v. Fort, 248 F.3d 475 (5th Cir. 2001).  He further argues that the relevant statute, MISS. CODE ANN. § 77-7-16, does not grant an officer the authority to stop a commercial trucker without probable cause.

We can assume, arguendo, that Kelly's arguments have some merit and thus, that a question exists as to whether the Mississippi statutory scheme passes muster under Burger.  The relevant question in this case as it presents the issue of qualified immunity, is not whether Gresham's stop actually satisfies the requirements set forth in Burger, but whether his actions violated Kelly's "clearly established statutory or constitutional rights." Harlow, 457 U.S. 818.  Kelly does not cite any statute or decisional authority establishing the unlawfulness

3

of Gresham's stop.  By contrast, Gresham can point to at least one case wherein the Mississippi Court of Appeals upheld the legality of random stops of commercial truckers.  See Edwards v. State, 795 So. 2d 554 (Miss. Ct. App. 2001).  Thus, Kelly has failed to show that Gresham's stop was not "objectively reasonable in light of the legal rules clearly established at the time of the incident".  Jones v. City of Jackson, 203 F.3d 875, 879 (5th Cir. 2000).  As such, we conclude, with respect to individual liability, that the district court did not err in granting summary judgment based on Gresham's qualified immunity.

Kelly also contends that arresting him based on a violation of 49 C.F.R. § 395.8(k)(2) was unlawful.  This regulation requires commercial truck drivers to retain a record of duty status for the previous seven days.  Kelly argues that the regulation provides only for civil penalties, not criminal sanctions.  Kelly was also charged under MISS. CODE ANN. § 77-7-16(1), which incorporates by reference all federal DOT regulations into Mississippi law, and § 77-7-311(1), which states that "any person violating any provision of this chapter ... shall be deemed guilty of a misdemeanor".  Thus, Kelly's conduct constituted criminal behavior.  Gresham was entitled to arrest Kelly for "even a very minor criminal offense [committed] in his presence".  Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).  As such, Kelly's claim of unlawful arrest is without merit.

4

Kelly's claim that Gresham unlawfully searched the cab of his truck is similarly meritless. Gresham's search was permissible under New York v. Belton, which held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. 454, 460 (1981). Thus, we conclude that, as to all three alleged violations, the district court did not err in concluding that Gresham had failed to show the violation of any clearly established constitutional or statutory right, and in thus granting summary judgment based on Gresham's qualified immunity. See Jones, 203 F.3d at 879.

With respect to his claims against Gresham in his official capacity, Kelly has waived the issue of Gresham's Eleventh Amendment immunity from suit by failing to address it in his opening brief. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). He has likewise waived any challenge to the district court's determination that Gresham was entitled to immunity under MISS. CODE ANN. § 11-46-9 against Kelly's state law tort claims.

Kelly's sole remaining argument is that the district court erred in not remanding his state law claims against Gresham in his official capacity to state court. Kelly has failed to show that the district court abused its discretion in exercising supplemental jurisdiction over these state law claims. See Smith v. Amedisys, Inc., 298 F.3d 434, 446 (5th Cir. 2002); 28 U.S.C. § 1367.

5

The judgment of the district court is therefore

AFFIRMED.